IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JERMARAE HERBERT, | : |
| Plaintiff, | : |
| v. | : NO. 5:23-CV-00483-TES-CHW |
| CRISP COUNTY REGIONAL HOSPITAL, *et al.*, | : |
| Defendants. | : |

**ORDER**

On November 27, 2024, Plaintiff moved this Court for an extension of time to complete discovery. (Doc. 42). Through a text order, the Court granted the motion as to all Defendants and extended discovery until January 31, 2025. (Doc. 43). The order extending discovery failed to note, however, that the case must be stayed as to Defendant Cowens, who may not be compelled to participate in discovery at this time.

The Court cannot order that Defendant Cowens participate in discovery because the case against him is subject a bankruptcy stay. *See, e.g.*, *In re Manown*, 213 B.R. 411 (N.D. Ga. Aug. 4, 1997) (explaining that "discovery is considered part of the 'continuation' of a proceeding and is, therefore, subject to the automatic stay"). Defendant Cowens filed a Suggestion of Bankruptcy, concerning a Chapter 11 bankruptcy petition filed by Wellpath, LLC in the United States District Court for the Southern District of Texas. (Doc. 41). An order for automatic stay was entered by the bankruptcy court pursuant to 11 U.S.C. § 362(a). (Doc. 41-2). While a stay is generally limited to debtors and not extended to non-debtor defendants, the order specifically included non-debtor defendants like Defendant Cowens, a physician who may be indemnified by Wellpath. (Doc. 41).

In accordance with 11 U.S.C. § 362(a), it is **ORDERED** that this case be **STAYED** as to Defendant Cowens. Counsel for Defendant Cowen is hereby **ORDERED** to provide a status report regarding the bankruptcy stay and related proceedings by December 31, 2024, and every thirty days thereafter until the stay is lifted.

The entire case need not be stayed, however, because the claim against Defendant Cowens for failing to treat Plaintiff's blood pressure is distinct from the remaining claims against Defendants Sales and Smith, such that Defendant Cowens would face no liability because of the remaining defendants' conduct.[1] Therefore, discovery may be extended and continue as to Defendants Smith and Sales. The previous text order extending discovery (Doc. 43) is **WITHDRAWN**. Plaintiff's motion for extension of time to complete discovery (Doc. 42) is **GRANTED in part** as to Defendants Smith and Sales. Discovery shall be completed by January 31, 2025. Dispositive motions shall be due by March 3, 2025.

**SO ORDERED**, this 6th day of December, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

1 Following screening, a claim for deliberate indifference to safety against Defendant Sales and Smith and a claim for deliberate indifference to a serious medical need following an assault against Defendant Sales were permitted to move forward for factual development. *See* (Doc. 17).